Curia, per

O’Neall, J.
This contract is for the payment, on the first day of January, 1841, of $853, with interest from the first day of August, 1835. What is that but a contract to pay, on the day designated, the aggregate of principal and interest then due, $1176 42 7 There can be no doubt of that. If so, how can there be a doubt that it is a sum certain ascertained to be due by writing, and upon it interest follows, as a matter of course. In Greenleaf vs. Kellogg, 2 Mass. R. 568, the contract was by a note of hand for the payment of $10,000 in eight years, with lawful interest from the date, the interest to be paid annually; three years of the interest being unpaid, the plaintiff sued for it before the principal was due ; the court held that the action was well brought, and gave interest upon each year’s interest from the day it was payable.
That case unquestionably decides the same principle involved in this. For there it was held that a promise to pay interest on a given day, made it an interest-bearing demand from that day. So in Kennon vs. Dickens, Taylor’s (No. Ca.) Rep. 231, the contract was for the payment, in fifteen years, of £1000 Virginia money, to bear interest from the first of December, 1771, the interest to be computed at 6 per cent, and paid annually; it was held that interest on the annual interest was recoverable. In that case the court said, “ as a general rule, interest upon interest is not allowable. But when the sum is ascertained, and the annual payment forms a part of the contract; when it is so specific that an action of debt may be sustained, and interest recovered, by way of damages .for the detention — and particularly where the payment of a principal sum is postponed to a very distant period, upon the faith of a regular and punctual discharge of the interest, it ought, in justice, to be allowed.” According to this statement of the law, there is no doubt the plaintiff in this *127 case is entitled to compute interest on the aggregate of principal and interest due 1st January, 1841, For the sum is ascertained ; for id certum est quod cerium reddi potest. It only requires, as in the North Carolina case, to compute the interest from the date mentioned in the contract to the time when due, to ascertain how much interest must be added to the principal, and is to be paid. For the aggregate, • there is no doubt, debt or assumpsit would have lain when the note was due. So that, according to the test suggested in that case, the plaintiff is clearly entitled to recover interest on the- aggregate of principal and interest due 1st of January, 1841. The case of Gibbs vs. Chisolm, 2 N. and McC. 38, decides, however, as I conceive, this very point. There the principal debt was $24,750, to be paid in three annual payments of one-third of the principal sum, with interest on the whole sum, to be paid annually at the end of each year. The question was, whether the interest should be added, at the end of each year, to the principal due, as an interest bearing fund. The court held it should be so added, and interest computed on the aggregate. Judge Nott, in illustrating his opinion, put the very case. He said, “ the annual interest of $10,000 is $700, and whether a person promises to pay $700, or the annual interest of $10,000, is only using different words to express the same idea; for that is certain which can be rendered certain.” In that case, Judge Johnson dissented, but in the case of Singleton vs. Lewis, 2 Hill, 408, he conformed to it, and laid down the law exactly as it seems to me is applicable to this case. The bond was dated 31st January, 1820, and conditioned for the payment of $4,000 on or before the 31st of January, 1821, with lawful interest to be paid annually, to commence from the date. The'question was, whether the annual interest should bear interest. The court held that it should, and Judge Johnson said of the case of Gibbs vs. Chisolm, “ the principle on which it proceeds is, that an express obligation to pay interest at a day certain, makes it quasi a principal debt, and the obligation to pay interest on it is raised by law.” This statement of the law covers the case before us : for hete there *128 is an express obligation to pay interest at a day certain, which makes it quasi a principal debt, and the obligation to pay interest on it, follows as a matter of course.
The motion to reverse the decision of the Judge below is granted, and the plaintiff has leave to enter judgment on the special verdict for the aggregate of principal and interest due on the 1st of January, 1841, with interest on that aggregate from that time.
Evans, Wardlaw and Frost, JJ. concurred.
Richardson and Butler, JJ. dissented.