HEARD APRIL TERM, 1879.

CASE No. 772.

L. D. POOLE ET AL. v. W. P. BROWN ET AL.

1. This court, on an appeal, can exercise jurisdiction of only such matters as were within the original jurisdiction of the court in which the action was instituted.
2. This court, on appeal, will, of its own motion, take notice of the want of jurisdiction in the Court of Probate of a suit commenced in that court, where the allowance of the appeal would require further action in the case by the Court of Probate.
3. The Court of Probate has no jurisdiction of a petition in the nature of a bill in equity by a *cestui que trust* against his trustee for an accounting, when it does not involve any matters testamentary. *Const., Art. IV.,* § 20.

Before KERSHAW, J., at Spartanburg, March, 1878.

John Brown died in 1857, leaving a will, of which W. P. Brown and E. P. Brown qualified as executors. One of the devisees of testator was his daughter, Polly Poole, whose share was to be retained by W. P. Brown and E. P. Brown, as trustees for her, to be managed and controlled by them and kept at interest for her benefit, the interest to be paid annually to his daughter during life, and after her death the corpus to be divided equally amongst her children.

Upon a settlement made by the executors before the Ordinary in 1860, the share of Polly Poole was ascertained to be $2020.93, which, by decree of the Ordinary, was ordered to be retained by E. P. Brown and W. P. Brown, executors of John Brown, deceased, they accounting for interest thereon. This interest was annually paid to Polly Poole until 1868. In 1871, Polly Poole and her husband, with an informal power of attorney from her children authorizing a full settlement with the trustees and a receipt of the amount, demanded an account and payment. The matter was referred to arbitration, and an award made, the amount whereof was paid to Polly and her husband upon their receipt. Polly Poole died in 1873, leaving L. D. Poole and W. D. Poole her only surviving children, who afterwards filed their

petition in the Court of Probate for Spartanburg county, praying an accounting and settlement by W. P. Brown and E. P. Brown of the share of Polly Poole, retained by the said trustees. The judge of probate sustained the settlement made by the arbitrators and adopted their award as the decree of the court. On appeal to the Circuit Court, this decree was affirmed; and the plaintiffs then appealed to this court.

No question was made in the Court of Probate, in the Circuit Court or in the arguments of counsel in this court, as to the jurisdiction of the Court of Probate.

*Messrs. Evins, Bomar & Simpson* and *Duncan & Cleveland,* for appellants.

*Messrs. Bobo & Carlisle,* for respondents.

December 4th, 1879. The opinion of the court was delivered by

WILLARD, C. J. This suit was commenced in the Probate Court by *cestuis que trust* under a testamentary trust for an account against the plaintiffs as trustees, and is virtually based on an alleged breach of trust. The breach of trust alleged is that the trustees paid part of the trust estate to certain persons claiming to be the attorneys and agents of the plaintiffs, who had no such authority, and had assumed, in conjunction with such persons claiming to represent the plaintiffs, to submit to arbitration the question of the amount of the trust estate, and under the award of the arbitrators they had refused to pay the balance of the trust estate.

The Probate Court refused the petition of the plaintiffs, not upon the ground of want of jurisdiction, but on the ground that full payment had been made by the defendants. We are asked to reverse the decree of the Circuit Court affirming that of the Probate Court. The effect of the decree for which the appellants contend would be to sanction the jurisdiction assumed by the Probate Court, as this court, upon an appeal from a Circuit Court decree, based upon a decree of the Probate Court, can only exercise the jurisdiction proper to the Probate Court as the

court of original jurisdiction. No exception has been brought before us based on the want of jurisdiction in the Probate Court, and, therefore, it is not the right of the parties to insist upon any such defect of jurisdiction in that court. A question of jurisdiction is not necessarily incapable of being considered by this court, merely because not raised by the record, as has often been held. Where the appeal is such that if allowed the court will be compelled to put in exercise powers, as pertaining to the court of original jurisdiction, that are beyond the competency of that court, a case is made for the consideration of such question of jurisdiction, even though no exception is before it for that purpose.

The question then arises, whether the Probate Court had jurisdiction of a petition in the nature of a bill in equity by a *cestui que trust* against his trustee, alleging a breach of trust.

The constitution (Article IV., Section 20,) fixes the jurisdiction of the Probate Court in these words: " A Court of Probate shall be established in each county, with jurisdiction in all matters testamentary and of administration, in business appertaining to minors and the allotment of dower, in cases of idiocy and lunacy, and persons *non compotes mentis.*" Unless the matter of the present suit can be regarded as a "matter testamentary," it cannot be brought within the terms of the grant of jurisdiction.

A trust, even though testamentary, is not necessarily a "matter testamentary" in the sense of the constitution. An action to enforce the trust is primarily based upon the liability of a trustee and not on that of an executor, and matters testamentary are such as grow out of the liability of an executor. It may be that where one is made both executor and trustee by a will, and the insolvency of the trustee or other sufficient reason makes it necessary for the *cestui que trust* to pursue the assets of the testamentary estate specifically, that a right of action might exist that could properly be regarded as a matter testamentary. The existence of such a right in that case could not be presumed, for when the executor is required to pay to himself as trustee, the law presumes such payment made, and the liability subsequently

arising must be presumed to be that due to the character of trustee.

It would be specially objectionable to make a contrary presumption for the mere purpose of bringing the case within the jurisdiction of a court of special jurisdiction. Such being the case, it was necessary that the record should show facts and circumstances repelling this presumption in order to confer upon the Probate Court jurisdiction of the case as a matter testamentary. It nowhere appears that the plaintiffs are seeking to subject the defendants to liability on any other ground than that of a breach of trust committed by them as trustees. This is the aspect of the case presented by the Circuit decree. It appears in the case, in confirmation of this view, that there had been a final accounting before the Ordinary and a decree that the trust estate in executors' hands be retained by them as trustees, and the petition does not seek to get rid of that order or modify it in any way. This is conclusive of the proposition that the matter in dispute was the accounting of a trustee, and not any matter testamentary.

The appeal must be dismissed, and the Circuit decree is affirmed.

Appeal dismissed.

McIver and Haskell,* A. J.'s, concurred.