CASE No. 1039.

## CALDWELL v. LITTLE.

1. A, B and C were executors of an estate X, which was alleged to be indebted to an estate Y, of which A and B became administrators. Action was brought in the Court of Probate by a distributee of the estate Y against A and B, as administrators, calling upon them to account for their administration of that estate. There being no allegation or proof that A and B, as executors, had received any portion of the estate X, and they having denied any receipts of the estate Y—*Held*, that constructive payment by operation of law had not been established.
2. The executor, C, could be no proper party to a proceeding instituted by a distributee of the estate Y, except upon allegations which would make a case not covered by the terms "*matters testamentary and of administration*," and, therefore, a case beyond the jurisdiction of the Court of Probate.

Before KERSHAW, J., Laurens, September, 1880.

Hon. T. B. Fraser, judge of the Third Circuit, sat in this court on the hearing of this cause, in the place of Chief Justice Simpson, who had been of counsel in the court below.

Action by Nancy A. Caldwell against John W. Little and L. R.

Brooks, as administrators of David Williams, deceased. For a full understanding of the points decided by this court, the case is clearly stated in the opinion. The plaintiff appealed.

*Mr. John W. Ferguson,* for appellant.

*Mr. B. W. Ball,* contra.

May 23d, 1881. The opinion of the court was delivered by T. B. FRASER, A. A. J. This action was commenced in the Court of Probate for Laurens county, January 15th, 1879, was carried by appeal to the Court of Common Pleas, and comes to this court by appeal from the judgment rendered in that court.

About the year 1825 John Williams died intestate, and administration on his estate was granted to two of his sons, Charles Williams and Lemuel G. Williams. David Williams, Letty Williams and Clarissa Williams were also children of John Williams, deceased.

In May, 1826, Charles and Lemuel G., the administrators, filed their first return in the office of the Ordinary, in which, among other things, they charged themselves with the sum of $802.05, with interest from April 13th, 1825, as the share of David Williams, and on April 13th, 1827, the return filed by them on that day showed that the sum due David Williams was $845.50, with interest from April 13th, 1825. These returns showed also the amounts due Letty and Clarissa, and the latter showed certain payments made for Letty and Clarissa, but none for David.

Similar returns were made annually until April 14th, 1839, when a memorandum was made on the return that " the different amounts charged to administrators is the whole of the capital, although. it is charged on every return." After this the administrators returned only money *paid out,* and continued to make returns until April 14th, 1863, but no return shows any money paid out for David Williams. It appears that Charles Williams is dead, but the date of his death does not appear.

In 1876 David Williams died intestate, and Lemuel G. Williams administered on his estate, giving bond in the penal

sum of $1700, and, so far as is known, doing no other act as administrator of David Williams. He died in a few weeks after this, leaving a will, which was admitted to probate. The defendants, John W. Little and L. R. Brooks, were appointed executors of the will of Lemuel G. Williams, and qualified. George F. Moseley was also appointed executor, and qualified as such.

After the death of Lemuel G. Williams, the defendants, John W. Little and L. R. Brooks, were appointed administrators *de bonis non* of David Williams.

The plaintiff in this case is an heir and distributee of David Williams. L. R. Brooks, one of the defendants, speaks of David as his uncle, and, besides this, there is nothing in the case to show how many other distributees there are, Letty and Clarissa Williams, if alive, being the only other two who are mentioned in the testimony.

There is nothing in the case before the court to show that David Williams had any estate except what appears to have been due to him as shown by the returns above referred to, or what estate, if any, Lemuel G. Williams left at his death, and there is no admission of assets by the defendants of either estate.

This action is brought by the plaintiff, Nancy A. Caldwell, one of the heirs and distributees of David Williams, against the defendants as administrators of David Williams, and the defendants are called on to show cause why *that* estate should not be settled up.

The petition charged that there was a small personal estate of David Williams, besides a considerable estate in the hands of Lemuel G. Williams, deceased. L. R. Brooks, one of the defendants, denies that they received any estate of David Williams, and denies that David Williams had any estate in his lifetime in the hands of Lemuel G. Williams ; and John W. Little only denies that he has received assets of David Williams, and says nothing of Lemuel G.

The testimony shows that David Williams lived during his whole lifetime with Lemuel G. Williams, his brother, who was unmarried ; that David was of weak mind, but that he was able to do many things which were of service, and that, in fact, he

did do many kinds of service which were valuable. The testimony is conflicting as to the value of his services, and as to the proper compensation for the care and support of one in his condition. It seems that Letty and Clarissa, who are in a similar condition, are now supported at an annual expense of $125 each.

The judge of probate held " that this action is affected neither by the statute of limitations nor by the presumption of payment arising from lapse of time, and that the administrators have in their hands $845.50, with interest from April 13th, 1825, due the estate of David Williams, for which they must account."

On the hearing on the Circuit the presiding judge held that, " in order to reach this conclusion, it is necessary first to fix the liability for said sum upon the estate of Lemuel G. Williams; next, it must appear that in due course of administration it was the duty of the executors of Lemuel G. to pay the said sum to the administrators *de bonis non* of David Williams. These are questions which cannot be determined unless the executors of Lemuel G. Williams were parties, and were called upon to defend *in that capacity*. There were two administrators of John Williams. The admission on which the claim rests was the admission of both. Both are equally liable. Yet there is no representative of Charles Williams before the court. In the present state of the proceedings I do not see how it is possible to sustain the decree." " Shall the case be remanded in order that additional parties be made? I do not think so. It is a stale claim." The decree of the Probate Court was reversed and the action dismissed, each party to pay his own costs.

The grounds of appeal bring up all the questions on which the rights of the plaintiff depend.

The plaintiff's case is founded upon the constructive payment by the defendants as executors of Lemuel G. Williams to themselves as administrators of David Williams. If it had been established satisfactorily that Lemuel G. Williams at his death was indebted to David Williams or to his estate, and the defendants were the *only* representatives of both estates, we think that the claim would be well founded, and that it would be good law to hold that they had received in one capacity what they were bound to pay in another. This doctrine is founded on the

very necessity of the case. But the defendants deny as a matter of fact that they have received any estate of David Williams, and there is no proof that they have received any estate of Lemuel G. Williams, and, both in theory and in fact, the whole estate of Lemuel G. Williams may be in money and under the sole control of the co-executor, George F. Moseley, who is not a party to these proceedings. An administrator is chargeable with what came into the hands of his co-administrator only in consequence of his suretyship on the administration bond, and co-executors are chargeable only each with what comes into his *own* hands or what he contributes to put into the others' hands. See *Wms. on Ex'rs* 1293; *O'Neall* v. *Herbert, McM. Eq.* 497; *Gayden* v. *Gayden, Id.* 436. The fund in this case, if any, has *not* been traced to the hands of the defendants, and the basis for the constructive payment has not been laid. If there had been any charge of collusion or misappropriation of the funds of an estate, a creditor or distributee may bring suit against the person into whose hands the assets have improperly come, joining the administrator or executor as a party defendant. 1 *Story's Eq.*, §§ 424, 581, note; *Story's Eq. Pl.*, §§ 178, 514. This, however, is a distinct ground of equity jurisdiction, and we do not see how the general grant to the Probate Court of jurisdiction in "matters testamentary and of administration" can confer on that court a right to exercise jurisdiction in such a case as this would be if George F. Moseley had been made a party in the original case in that court. There is no special ground stated in the case before us to make it proper to call in George F. Moseley as executor of Lemuel G. Williams. If he comes in at all, he must come in on the simple allegation that he is one of the executors, and, if on that ground, we do not see why in any case a creditor or distributee of an estate may not call in the debtors of another estate before the Probate Court and proceed to judgment, however complicated might be the proceedings. Cases of collusion with debtors of an estate, misappropriation of the assets, and, perhaps, others are proper subjects of equity jurisdiction, but are not properly cases of "matters testamentary or of administration," in which there is privity between the distributees, legatees or creditors and the personal representatives who are trustees for

them.   If this view is correct, then an amendment in the Probate Court by calling in George F. Moseley as executor of Lemuel G. Williams would oust its jurisdiction.   This court can hear and determine on appeal only such cases originating in the Probate Court as that court had jurisdiction of.   *Poole* v. *Brown*, 12 *S. C.* 556.

In this view of the case it would not be proper to consider and determine the other questions involving the merits.   The proper parties are not before the court, and cannot be brought here in this proceeding.   Nothing is concluded by this judgment except that this action cannot be maintained in its present shape.

It is, therefore, ordered and adjudged that the exceptions be overruled, and that the judgment of the Circuit Court be affirmed and the appeal dismissed.

McIVER and McGOWAN, A. J.'s, concurred.