23891

In The Matter of Edward J. HOWARD, Deceased. In re LeRoy J. HOWARD, Personal Representative, Petitioner on behalf of LeRoy J. Nasser, LeRoy J. Howard, Josephine N. Howard, and Edward J. Nasser, claimants against the Estate of Edward J. Howard, Deceased, Respondents, of whom LeRoy J. Howard, individually is Respondent/Appellant v. Robin Howard MUTZ, Appellant/Respondent.

(434 S.E. (2d) 254)

Supreme Court

*J. David Flowers*, of *Brown & Hagins, P.A.*, Greenville, *for appellant/respondent.*

*H. Sam Stilwell*, Greenville, *for respondent/appellant* and *respondents.*

Heard Jan. 19, 1993.

Decided July 12, 1993.

RANDALL T. BELL, Acting Associate Justice:

This appeal arises from a statutory proceeding in probate court seeking allowance of claims filed against a decedent's estate.[1] LeRoy J. Howard, the brother and personal representative of the estate of Edward J. Howard, deceased, petitioned

[1] The statute involved is S.C. Code Ann. § 62-3-806(b) (1987), which authorizes the decedent's personal representative or a claimant against the decedent's estate to petition the probate court for the allowance or disallowance of claims filed against the decedent's estate pursuant to Section 62-3-804 (Supp. 1992).

the probate court for allowance of the claims of his mother, Josephine N. Howard, his uncle, Edward J. Nasser, his uncle, LeRoy L. Nasser, and himself. The total amount of the claims exceeds the remaining assets of the estate. The decedent's widow, Robin Howard Mutz, contested the validity of the claims. The probate judge allowed the claims in part. LeRoy Howard appealed to the circuit court. The circuit court modified the probate court's order, increasing the amount allowed. Robin Howard Mutz and LeRoy Howard appeal. We affirm in part and reverse in part.

Edward Howard died on July 5, 1989. His Will named LeRoy Howard as his personal representative. At various times prior to his death, Edward borrowed money from family members, executing notes in favor of his brother and mother and accepting numerous checks marked "loan." Several of these debts were unpaid at Edward's death. His brother Leroy, his mother Josephine, and his two uncles made claims against Edward's estate for repayment of these loans.

In his capacity as personal representative, LeRoy Howard did not approve or pay any of the claims. Instead, he petitioned the probate court to allow the claims in full. The probate judge, sitting without a jury, allowed $42,310 of LeRoy's $118,170 claim; $16,329 of Josephine's $45,405 claim; $16,985 of Edward Nasser's $40,824 claim; and all of LeRoy Nasser's $4,000 claim. On appeal, the circuit court, applying the "substantial evidence" standard of appellate review, modified the probate court's decision, increasing LeRoy's award by $3,000, Josephine's award by $12,576, and Edward Nasser's award by $13,640.

## STANDARD OF REVIEW ON APPEAL

The threshold issue before us is whether the circuit court erred in holding that the Administrative Procedures Act[2] governs appeals from the probate court to the circuit court. The Administrative Procedures Act provides for judicial review of "agency" action upon exhaustion of administrative remedies. S.C. Code Ann. § 1-23-380 (1986). As defined by the Act, an "agency" is a "state board, commission, department or officer, other than the legislature or the courts,

---

[2]S.C. Code ann. § 1-23-310 to -400 (1986).

authorized by law . . . to determine contested cases." S.C. Code Ann. § 1-23-310(1)(1986). By the express terms of the statute, the probate court, as part of the unified judicial system,[3] does not come under the Administrative Procedures Act. Accordingly, the circuit court erred in applying the "substantial evidence" standard of review mandated by the Act. *See* S.C. Code Ann. § 1-23-380(g) (1986); *Gibson v. Florence Country Club*, 282 S.C. 384, 318 S.E. (2d) 365 (1984).

Appeal from the probate court is governed by the provisions of the Probate Code. The Code provides that a final order or decree of the probate court may be appealed to the circuit court. S.C. Code Ann. § 62-1-308(a) (Supp. 1992).[4] The circuit court must hear and determine the appeal "according to the rules of law." S.C. Code Ann. § 62-1-308(d) (1987). As used in this statute, the phrase "according to the rules of law" means according to the rules governing appeals. *See Ex parte White*, 33 S.C. 442, 12 S.E. 5 (1890); *Eagles v. South Carolina National Bank*, 301 S.C. 402, 392 S.E. (2d) 187 (Ct. App. 1990).[5]

---

[3] Article V, sec. 12, S.C. CONST., 1895, revised (Supp. 1992); S.C. Code Ann. § 14-23-1010 (Supp. 1992).

[4] In contrast to prior law, the Probate Code gives the circuit court appellate jurisdiction only, with no power to take new evidence. *See* S.C. Code Ann. § 62-1-308(d) (1987); *see also In re Solomons' Estate*, 74 S.C. 189, 54 S.E. 207 (1906); *Ex parte White*, 33 S.C. 442, 12 S.E. 5 (1890); *Eagles v. South Carolina National Bank*, 301 S.C. 402, 392 S.E. (2d) 187 (Ct. App. 1990).

[5] *See also In re Solomons' Estate*, 74 S.C. 189, 54 S.E. 207 (1906); *Prater v. Whittle*, 16 S.C. 40 (1881). In South Carolina, the predecessor of the modern probate court was the court of ordinary. Article XXIV, S.C. CONST. of 1778 (Cooper ed. 1836). There was no right to jury in the court of ordinary and no right of appeal from its judgments. In 1839, the General Assembly provided for appeals from the court of ordinary to the courts of law and equity, depending on the nature of the case. *See* Sec. XIII, AN ACT CONCERNING THE OFFICE AND DUTIES OF ORDINARY, 11 STAT. 44, 47 (1839). The Constitution of 1868 reformed the judicial system, providing for probate courts in place of the old courts of ordinary. *See* Article IV, secs. 1, 20, CONSTITUTION OF THE STATE OF SOUTH CAROLINA (1868). An 1868 act, implementing the new constitutional provisions, provided for appeal from the probate court to the circuit court. *See* Secs. 22, 23, AN ACT TO DEFINE THE JURISDICTION AND REGULATE THE PRACTICE OF PROBATE COURTS, 14 STAT. 76, 78 (1868). The appeal was to be determined "according to the rules of law." *Id.* sec. 28, at 79. In 1870, these sections of the Act of 1868 were reenacted as part of the Code of Procedure. *See* 14 STAT. 423, 431, 434-35 (1870). Under the new procedure, when the nature of the right in controversy or of the relief sought in probate court was such that prior to 1868 the appeal would have been from the ordinary to the Court of Chancery, the appellate court could correct errors of fact and law. *In re*

None of our decisions has expressly stated what standard of review the circuit court must apply when it hears cases from other courts in its appellate capacity. However, the general standards of appellate review set forth in our decisions suggest the rule that in cases involving an appeal to the circuit court, if there is neither a statute nor a rule of court expressly prescribing a different standard of review, the circuit court must apply the same standard that this Court or the Court of Appeals would apply were the appeal taken directly to either of them. Following the reasoning of our decisions, the Court of appeals has applied this rule in recent cases, and we expressly approve it as good law. *See Eagles. v. South Carolina National Bank;* 301 S.C. 402, 392 S.E. (2d) 187 (Ct. App. 1990); *Karl Sitte Plumbing Co. v. Darby Development Co. of Columbia, Inc.,* 295 S.C. 70, 367 S.E. (2d) 162 (Ct. App. 1988); *May v. Hopkinson,* 289 S.C. 549, 347 S.E. (2d) 508 (Ct. App. 1986). We, therefore, hold that on appeal from the final order of the probate court in this matter, the circuit court ought to have applied the same standard of review that this Court would apply on appeal.

The rules governing appeals at law and in equity are well settled. If the proceeding in the probate court is in the nature of an action of law, the circuit court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them. *Adams v. B & D, Inc.,* 297 S.C. 416, 377 S.E. (2d) 315 (1989); *cf. May v. Hopkinson,* 289 S.C. 549, 347 S.E. (2d) 508 (Ct. App. 1986) (appeal from final judgment of master); *In re Estate of Krueger,* 235 Neb. 518, 455 N.W. (2d) 809 (1990). The standard of review at law is the same whether the facts are found by a jury or the judge sitting without a jury. *See Chapman v. Allstate Insurance Co.,* 263 S.C. 565, 211 S.E. (2d) 876 (1975) (in an action at law, judge's findings are equivalent to a jury's findings for purposes of appellate review). On the other hand,

---

*Solomons' Estate, supra.* If, however, the appeal from the ordinary would not have been to Chancery, but to the Court of Common Pleas, then after 1868 the court on appeal had no power to review a finding of fact, unless it was entirely unsupported by evidence. *Id.* These same rules of appellate review are carried forward in the Probate Code, which like the 1868 and 1870 statutes, provides that appeals from the probate court shall be decided "according to the rules of law."

if the probate proceeding is equitable in nature, the circuit court, on appeal, may make factual findings according to its own view of the preponderance of the evidence. *Ex parte Small,* 69 S.C. 43, 48 S.E. 40 (1904); *Eagles v. South Carolina National Bank,* 301 S.C. 402, 392 S.E. (2d) 187 (Ct. App. 1990).

## CLAIMS FOR MONEY

Petitions to allow claims under Section 62-3-806(b) are treated the same as any other proceeding for purposes of ascertaining their legal or equitable nature. The proceeding in this case involves claims for money due. Ordinarily, such claims are triable at law with an attendant right to trial by jury.[6] *See Marion Cotton Oil Co. v. Townsend,* 222 S.C. 32, 71 S.E. (2d) 500 (1952); *Federal Reserve Bank of Chicago v. Geannoulis,* 203 Iowa 1385, 214 N.W. 576 (1927); S.C. Code Ann. § 15-23-60 (1976) (repealed 1985); S.C. Code Ann. § 62-1-306(a) (Supp. 1992). Therefore, if there is any evidence in this case that reasonably supports the factual findings of the probate judge, his order must be affirmed.

Upon reviewing the record, we find some evidence to support each of the amounts the probate judge found to be due to the claimants. Thus, as to the claims for money, we reverse the judgment of the circuit court insofar as it set aside the probate court's findings. As to those claims, we reinstate the probate court's judgment.

Josephine Howard sought compound interest on a $3,500 note included in her claim. The probate court allowed simple interest only. On appeal, the circuit court held that the note calls for compound interest after its due date. "Compound interest" means interest on interest; that is, accrued interest is added periodically to the principal and interest is computed upon the new principal thus formed. *Doig*

---

[6]To preserve the right to jury after the law was reformed to permit jury trials in the probate courts, the Probate Code incorporated the language of old Section 15-23-60 guaranteeing the right to jury trial on any "issue of fact in an action for the recovery of money only or of specific real or personal property." S.C. Code Ann. § 62-1-306(a) (Supp. 1992). The Probate Code also provides for removal to the circuit court in specified cases, including actions in which a party has a right to trial by jury and which involve an amount in controversy of at least five thousand dollars. *See* S.C. Code Ann. § 62-1-302(c) (Supp. 1992).

*v. Barkley,* 37 S.C.L. (3 Rich.) 125 (1846); *Bowen v. Barksdale,* 33 S.C. 142, 11 S.E. 640 (1890); *Harmon v. Bank of Danville,* 287 S.C. 449, 339 S.E. (2d) 150 (Ct. App. 1985). The note here in question provided for "all interest not paid when due to bear interest at the rate of twelve and one-half percent." Accordingly, we affirm the circuit court's holding that the note calls for compound interest.

The circuit court upheld the probate court's disallowance of LeRoy Howard's individual claim for $42,000 allegedly due on a promissory note. There is evidence reasonably supporting the conclusion that the note was not an enforceable obligation. Therefore, we affirm the judgment of the circuit court as to this claim.[7]

## TITLE TO PERSONAL PROPERTY

In addition to his claim for money loaned to the decedent, LeRoy Howard also claimed ownership of a gun in Robin Mutz's possession. He asserts title to the gun by virtue of a bill of sale indicating he purchased it from an uncle in 1984. He did not list the gun in the written claim filed with Edward Howard's estate; and he made no claim against the estate for

---

[7] Leroy Howard asserts the courts below erred in holding he had the burden of proof on the $42,000 note. He argues that once he, as personal representative of the estate, approved this claim, the burden of proof shifted to Robin Mutz to show the claim's invalidity. The personal representative's admission of a claim is not sufficient to charge the estate with a debt. *Ciples v. Alexander,* 5 S.C.L. (3 Brev.) 558 (1816). The party petitioning the court to allow the claim has the burden of proving the claim's validity. *In re Estate of Krueger,* 235 Neb. 518, 455 N.W. (2d) 809 (1990) (in probate court, burden of proof is upon claimant against decedent's estate). Whether a claim against a decedent's estate has been approved by the personal representative or not, when it is contested by a proper party in interest, it must be fully proved by the claimant. *Stump v. Stump,* 91 Md. 699, 47 A. 1034 (1900). Ex parte approval by the personal representative gives the claim no additional evidence of correctness; and it cannot be used to shift the burden of proof to the contestant. *Id.*

Furthermore, as the personal representative of the estate against which he was making a claim, LeRoy Howard was a fiduciary with an interest adverse to the beneficiaries of the estate. The law will not permit him to use his fiduciary position to promote his selfish interest over the best interest of a beneficiary. *See First Union National Bank of South Carolina v. Cisa,* 293 S.C. 456, 361 S.E. (2d) 615 (1987). When an administrator files a claim against the estate, he is not entitled to payment without full proof of the claim. *See Talbert v. Reeves,* 211 Md. 275, 127 A. (2d) 533 (1956); *In re Estate of Zalaznick,* 88 Misc. (2d) 727, 389 N.Y.S. (2d) 736 (1976) (fiduciary has burden of proving any debt fiduciary alleges is due to him). Thus, the probate court was correct in ruling that Howard had the burden of proof.

the gun in the probate court. The estate neither has possession of the gun nor asserts any interest in it.

The jurisdiction of the probate court extends to subject matter related to estates to decedents. S.C. Code Ann. § 62-1-302(a)(1) (Supp. 1992). Because the estate asserts no interest in the gun, the issue of title to the gun is not subject matter related to the estate of the decedent.[8] Accordingly, the probate court had no jurisdiction to determine that issue. For lack of subject matter jurisdiction in the probate court, we reverse the ruling on LeRoy Howard's claim of title to the gun. *See Caldwell v. Little,* 15 S.C. 236 (1881); *Poole v. Brown,* 12 S.C. 556 (1879); *In re Estate of Krueger,* 235 Neb. 518, 455 N.W. (2d) 809 (1990) (appellate court cannot acquire jurisdiction of cause if court from which appeal was taken lacked jurisdiction).

Affirmed in part, reversed in part.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.

---

[8] Had the estate asserted an interest in the gun, the result would be the same. The definition of "claims" in the Probate Code expressly excludes disputes regarding title of a decedent to specific assets alleged to be included in the estate. S.C. Code Ann. § 62-1-201(4) (1986). Therefore, the dispute about title to the gun is not a "claim" that could be presented to the probate court under Section 62-3-806.