**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Latimer,                            Appellant,

v.

Mattie Morris, Personal
Representative of the Estate of
Thelathia Morris,                          Respondent.

———————

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-468
Submitted February 1, 2012 – Filed August 1, 2012

———————

**AFFIRMED**

———————

Richard E. Thompson, Jr., of Anderson, for Appellant.

Mattie Morris, pro se, of Clemson, for Respondent.

**PER CURIAM:** Thomas Latimer appeals the circuit court's affirming the probate court on a matter involving a claim he had filed in magistrate's court.[1] We affirm.

## FACTS/PROCEDURAL HISTORY

Thelathia Morris (Decedent) died intestate on March 11, 2003. Her mother, Mattie Morris (PR), was appointed as personal representative of her estate. On April 8, 2003, Latimer, who had cohabitated with Decedent, sent a letter to Morris Transportation[2] resigning. He further provided a list of personal belongings he wanted returned and their values[3] and a list of bills he wanted paid. In addition, the following day he signed a document stating he wished to retrieve two coin collections he owned, located at Decedent's last residence. On April 10, 2003, he sent two additional letters to Morris Transportation requesting four pagers and a pressure washer be returned and requesting rent and payment for those. On April 28, 2003, Latimer filed a claim of $13,812.74 against the estate. On June 12, 2003, he filed an amended creditor's claim referencing the original claim and stating the claim was for $9,900.

On June 17, 2003, Latimer filed an affidavit for claim and delivery (Magistrate Claim) in the magistrate's court against PR and Morris Transportation[4] for property amounting to $6,990.81. An attachment listed the same property as the list related to the probate matter. On June 27, 2003, PR denied $10,000 of Latimer's $13,812.74 claim. On July 18, 2003, Latimer filed a petition for allowance of claim in the probate court for $10,141.26, seeking attorney's fees; filing costs, including that for the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Presumably, PR was an owner of Morris Transportation although this is not clear in the record or brief.

[3] It is difficult to tell from the record whether the list of personal items was submitted with the letter sent to Morris Transportation, the claim subsequently filed with the probate court, or neither.

[4] Latimer also named Matthew Rice as a defendant but the record and brief do not indicate who he is.

Magistrate Claim; $8,848.68 for CitiFinancial; and three charges for transmission fluid. The magistrate's court held a claim and delivery hearing on July 29, 2003. The record contains a handwritten note from the magistrate stating the parties had reached an agreement that the case would be decided in the Anderson County probate court and that agreement was placed on the record.

On July 6, 2005, Judge Carole Dennison of the Anderson County probate court issued an order from a May 25, 2005 probate court hearing. The court found the Magistrate Claim did not comply with section 62-3-806 of the South Carolina Code and thus should not be considered by the Anderson County probate court. The court additionally found PR allowed $3,812.74 from the first claim and "never properly disallowed" the second claim for $9,900, entitling Latimer to a total of $13,712.74. On July 15, 2005, Latimer filed a motion to reconsider with Judge Dennison. He contended that to the extent he allegedly did not comply with all applicable rules of procedure for filing a civil action against an estate, the parties agreed the Anderson County probate court would hear the matter originally presented before the magistrate and that agreement implicitly cured any alleged defects in the filing of the Magistrate Claim. Judge Dennison wrote a letter in response to the motion stating she wished to set up a conference call on the case for July 27, 2005. On August 31, 2005, Judge Dennison prepared another letter, stating that since the conference call, she had determined she needed an order to dispose of the motion. However, the court issued an order on November 2, 2005, providing the court held a hearing on the motion via phone conference on <u>September 17, 2005</u>, and stating Latimer "will file an action in Anderson County Probate Court which is identical to the one [Latimer] previously filed with" the magistrate's court. The court stated, "While the Court is not setting a time limit, it is anticipated that this filing will be done in a reasonably prompt period of time. At the time of this filing, the Court will then consider the matter as it deems appropriate."

On September 8, 2005, Latimer filed a complaint in the Anderson County probate court stating the Magistrate Claim had been transferred to the probate court by the magistrate and was a separate action from that ruled upon by Judge Dennison at the May 25, 2005 hearing. On April 6, 2006, Judge Dennison issued an order finding the list of items from the Magistrate

Claim was identical to the list attached to the probate court claim from April 23, 2003, for which he was awarded $3,812.74. The court noted that the Magistrate Claim sought a smaller dollar amount ($6,990.81) than that which he filed in probate court ($13,812.74), "and thus, were the Court to entertain the claim today, it would be forced to revisit its prior Order, which it will not do, and potentially award him less on the claim than has already be[en] adjudicated." The court thus dismissed the petition, finding (1) the Magistrate Claim should have been a claim against the estate, (2) Latimer's claims had already been ruled upon by the probate court, and (3) he was entitled to no further relief thereunder. On May 24, 2006, Latimer filed a motion to the probate court pursuant to Rule 60(b), SCRCP, asking to be relieved from the order, which stated in part "the items which makes [sic] up Mr. Latimer's claim in Magistrate's Court is identical to the list of items that is attached to the claim he filed in the Probate Court of April 23, 2003[,] and for which he was awarded $3,812.74." He contended the Magistrate Claim was for $6,900 in furniture while the original probate claim was for $13,812.74, of which $10,000 was disallowed by PR.

On June 8, 2006, the supreme court determined Judge Martha D. Newton, Anderson County Probate Judge, was disqualified from any further hearings on the matter and appointed Judge Sandra Burgess Orr, Oconee County Probate Judge, to sit in the matter. At a hearing on October 16, 2006, Judge Orr considered Latimer's motion for reconsideration as well as a motion to expedite the closing of the estate and payment of claims. On November 30, 2006, Judge Orr issued an order requiring an inventory and appraisal be conducted by PR and holding all other matters in abeyance pending another hearing. On April 24, 2007, Judge Orr conducted a hearing on the motion for reconsideration. On September 26, 2007, Judge Orr issued an order denying the motion to reconsider, finding Judge Dennison's order was correct because the Magistrate Claim covered the same issues that were previously filed and subsequently ruled on in the probate court. Judge Orr also found assuming arguendo the Magistrate Claim was not the same as an issue previously raised in probate court, the court would still have to dismiss the claim because it was not filed in probate court. Judge Orr stated she was aware of no code section that permitted a case to be transferred from the magistrate's court to probate court.

Latimer appealed Judge Orr's decision to the circuit court, asserting the judge erred in finding (1) Latimer had already filed a claim for furniture in the probate court and (2) a dispute between two parties in magistrate's court could not be transferred to the probate court in which the estate had been administered. At the hearing before the circuit court, PR's attorney stated that attached to Latimer's second claim in probate court was an itemized list of personalty that was identical to the list submitted with the Magistrate Claim. He further stated that at the third hearing before Judge Dennison, Judge Dennison had her clerk review the microfilmed filing for the probate court claim to see if the lists were the same and she verified they were. Latimer's attorney stated that as an officer of the court, he was in court during that proceeding and PR's attorney's rendition of what happened was correct, even though his client claimed that is not what occurred. PR's attorney additionally stated that Latimer never filed a new claim as Judge Dennison ordered.

The circuit court found all claims were required to be served and filed by February 1, 2004, pursuant to section 62-3-806. The circuit court found Judge Dennison had her clerk verify on the record that the basis of the probate claim for $9,900 was identical to the Magistrate Claim. The circuit court further noted that "in an abundance of caution, Judge Den[n]ison ordered from a hearing conducted on July 15, 2005[,] and by Order dated November 5, 2005[,] that ' . . . [Latimer] shall file a claim based upon his Magistrate's Court case, which is identical to the Magistrate's Court claim . . . .'" (ellipses added by circuit court). The circuit court further noted Latimer "never filed such claim, but instead, filed numerous other motions and challenges to the previous Probate Court orders, all of which were addressed and denied as set forth hereinabove." The circuit court found Latimer's appeal as related to those filings with the Anderson County probate court was without merit and his probate claims were properly adjudicated and affirmed by both the Anderson County and Oconee County probate courts. The circuit court denied and dismissed Latimer's appeal and found he was entitled to the judgment of $13,712.74 as set forth in the Anderson County court records. This appeal followed.

## STANDARD OF REVIEW

Appeals from the probate court are governed by the provisions of the probate code. Matter of Howard, 315 S.C. 356, 360, 434 S.E.2d 254, 256 (1993). A final order or decree of the probate court may be appealed to the circuit court. S.C. Code Ann. § 62-1-308(a) (2009). The circuit court "must hear and determine the appeal according to the rules of law." S.C. Code Ann. § 62-1-308(d) (2009). "'[A]ccording to the rules of law' means according to the rules governing appeals." Matter of Howard, 315 S.C. at 360, 434 S.E.2d at 257. On appeal from the final order of the probate court, the circuit court must apply the same standard of review an appellate court would apply on appeal. In re Estate of Pallister, 363 S.C. 437, 447, 611 S.E.2d 250, 256 (2005). Thus, the standard of review applicable to cases originating in the probate court depends upon whether the underlying cause of action is at law or in equity. In re Estate of Holden, 343 S.C. 267, 278, 539 S.E.2d 703, 709 (2000). "Petitions to allow claims under [s]ection 62-3-806(b) are treated the same as any other proceeding for purposes of ascertaining their legal or equitable nature. The proceeding in this case involves claims for money due. Ordinarily, such claims are triable at law with an attendant right to trial by jury." Matter of Howard, 315 S.C. at 362, 434 S.E.2d at 258 (citations and footnote omitted). For a proceeding in the nature of an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses no evidence supports them. Neely v. Thomasson, 365 S.C. 345, 349-50, 618 S.E.2d 884, 886 (2005).

## LAW/ANALYSIS

### I.      Filing Requirements

Latimer contends the circuit court erred in holding section 62-1-100 of the South Carolina Code (2009) sets forth the filing requirements and time restraints for the presentation of claims against any estate. We disagree.

> The claimant may commence a proceeding against the personal representative in any court where the personal representative may be subjected to

jurisdiction, to obtain payment of his claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim, and the claimant must file a written statement of the claim as in (1) above, with the clerk of the probate court. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death.

S.C. Code Ann. § 62-3-804(2) (2009).

(a) As to claims presented in the manner described in [s]ection 62-3-804 [of the South Carolina Code (2009)] within the time limit prescribed in [s]ection 62-3-803 [of the South Carolina Code (2009)], the personal representative may mail a notice to any claimant stating that the claim has been disallowed. If, after allowing or disallowing a claim, the personal representative changes his decision concerning the claim, he shall notify the claimant. The personal representative may not change a disallowance of a claim after the time for the claimant to file a petition for allowance or to commence a proceeding on the claim has run and the claim has been barred. Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than thirty days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar. It is the responsibility of the personal representative to notify the claimant if a claim is disallowed.

(b) Upon service of the summons and petition of the personal representative or of a claimant in a proceeding for the purpose, the court may allow in whole or in part any claim or claims presented to the personal representative or filed with the court in due time and not barred by subsection (a) of this section. Notice of hearing in this proceeding shall be given to the claimant, the personal representative, and those other persons interested in the estate as the court may direct by order entered at the time the proceeding is commenced.

(c) A judgment in a proceeding in another court against a personal representative to enforce a claim against a decedent's estate is an allowance of the claim.

S.C. Code § 62-3-806 (2009 & Supp. 2011).

Section 62-3-806(b) of the South Carolina Code (Supp. 2011) authorizes a decedent's personal representative or a claimant against a decedent's estate to petition the probate court for the allowance or disallowance of claims filed against the decedent's estate pursuant to section 62-3-804. Matter of Howard, 315 S.C. 356, 359 n.1, 434 S.E.2d 254, 256 n.1 (1993).

The circuit court actually stated "section 62-1-100 et seq." applies, meaning the entire probate code. Section 62-1-100 merely lays out when the probate code began to take effect, which is not an issue in this case. Although section 62-3-804(2) does provide a claimant "may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction," it further states "and the claimant must file a written statement of the claim . . . with the clerk of the probate court." Nothing in the record indicates Latimer filed a written statement with the probate court for the Magistrate Claim. Accordingly, if the Magistrate Claim was not for the same items as his filing with the probate court, he did not comply with section 62-3-804(2) because he did not file a

written statement of the claim with the probate court. Further, the record contains some evidence to support the probate court's finding that the items requested in the Magistrate Claim had been requested in the claim against the estate; Latimer's attorney agreed with PR's attorney that Judge Dennison's clerk had verified the lists were the same, and in the record, the page after the creditor's claim contains a list identical to the Magistrate Claim list. Therefore, the circuit court did not err in affirming the probate court.

## II.    Transfer of Magistrate Claim

Latimer argues the circuit court erred in holding it had been verified that the second claim filed by the claimant was identical to the claim in the amount of $9,900 filed with the Pendleton magistrate. Latimer does not argue this in the body of this argument, only in his issue statement. "An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court." Fields v. Melrose Ltd. P'ship, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993). Therefore, this argument is abandoned.

Latimer contends in the body of his brief the magistrate's ruling was not actually filed in or transferred to the probate court. He asserts it was error to hold the Magistrate Claim was ruled on by the probate court because the probate court never had jurisdiction over it, as the case was not transferred to it. The circuit court did not rule on this argument. Additionally, the record contains no Rule 59(e), SCRCP, motion on the argument. "[B]ut for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court." Lucas v. Rawl Family Ltd. P'ship, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004). Accordingly, this argument is unpreserved for our review.

## III.    Refiling of Magistrate Claim

Latimer maintains the circuit court erred in finding Latimer never filed a claim as ordered by Judge Dennison at the hearing on July 15, 2005, and the order dated November 5, 2005. We need not rule on this issue because the first issue was dispositive as this was not the circuit court's only basis for affirming the probate court, as discussed above. See Futch v. McAllister

Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal); Dwyer v. Tom Jenkins Realty, Inc., 289 S.C. 118, 120, 344 S.E.2d 886, 888 (Ct. App. 1986) (noting "'[w]here a decision is based on two grounds, either of which, independent of the other, is sufficient to support it, it will not be reversed on appeal because one of those grounds is erroneous'" (quoting 5 Am. Jur. 2d Appeal and Error § 727 at 171 (1962)) (alteration by court)).

## CONCLUSION

The record contains evidence to support the probate court's findings that the items requested in the Magistrate Claim had been requested in the claim filed against the estate. Accordingly, the circuit court is

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**