**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

J. Morgan Kearse, Personal Representative of the Estate
of G. H. Kearse, Appellant,

v.

The Kearse Family Education Trust, William Gordon
Kearse, Elizabeth Kearse Gooding, Julia Kearse Sharp,
Rachael Kearse Best, Joseph Weber Kearse, and John
Morgan Kearse, of which all are named individually and
as Trustees of the Kearse Family Education Trust U/A/D
Nov. 05, 1992, Respondents.

Appellate Case No. 2019-000905

———————

Appeal From Allendale County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-415
Submitted September 1, 2022 – Filed November 23, 2022

———————

**AFFIRMED**

———————

Kenneth B. Wingate and Matthew Joseph Myers, both of
Sweeny Wingate & Barrow, PA, of Columbia for
Appellant.

Daniel A. Speights, of Speights & Solomons, LLC, of
Hampton, and Whitney Boykin Harrison, of McGowan

Hood Felder & Phillips, of Columbia, both for Respondent Julia Kearse Sharpe. Stephen Michael Slotchiver, of Slotchiver & Slotchiver, LLP, of Mount Pleasant, and Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton, both for Respondent Elizabeth Kearse Gooding.

------------

**PER CURIAM:** In this probate case involving a purported settlement agreement, John Morgan Kearse (Appellant), Personal Representative of the Estate of G.H. Kearse (Kearse), appeals an order of the probate court and an order of the circuit court. He argues (1) the probate court erred in approving a final term sheet as a valid settlement agreement because the parties did not reach a binding settlement; (2) the probate court erred in enforcing the terms of the settlement agreement because the court lacked authority; and (3) the circuit court erred in dismissing the case on procedural grounds. We affirm, finding the probate court and the circuit court correctly held Appellant lacked standing.

Standing refers to "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Black's Law Dictionary* 1413 (7th ed. 1999). Section 62-3-703(c) of the South Carolina Code (2022) governs the standing of a personal representative in a probate case, providing:

> Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this State at his death has the same standing to sue and be sued in the courts of this State and the courts of any other jurisdiction as his decedent had immediately prior to death.

Section 62-3-610(b) (2022) provides "[a] personal representative may resign his position by filing a written statement of resignation with the court and providing twenty days' written notice to the persons known to be interested in the estate." Section 62-3-613 (2022) concerns the successor personal representative and provides "the successor personal representative has the powers and duties in respect to the continued administration which the former personal representative would have had if his appointment had not been terminated."

Appellant told the court he was resigning as the personal representative effective

February 2, 2017, and Harley Ruff was appointed as the successor personal representative on March 20, 2017. Appellant, in his capacity as the personal representative, moved for reconsideration in probate court after the court accepted his resignation; however, Appellant did not argue either in his motion or at the hearing that the probate court erred in accepting his resignation as personal representative. Appellant also did not appeal the March 20, 2017 probate court appointment of Ruff as the successor personal representative. Therefore, when Appellant filed his motion to alter or amend on March 20, 2017, in his capacity as the personal representative, the probate court found he was no longer the personal representative. Appellant, in his capacity as the personal representative, appealed the probate court's orders to the circuit court. On appeal, the circuit court found the order appointing someone other than Appellant as the personal representative was not appealed; thus, Appellant's attempt to appeal as the personal representative was a nullity. Accordingly, the circuit court dismissed the appeal. We find the evidence supports the probate and circuit courts' findings of fact as to Appellant's lack of standing. *Matter of Howard*, 315 S.C. 356, 361, 434 S.E.2d 254, 257 (1993) ("If the proceeding in the probate court is in the nature of an action at law, the circuit court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them."). We decline to address Appellant's issues because this issue is dispositive. *See Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (declining to address an issue when the resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.