19805

Larrell H. PRICE, Respondent, v. Roy W. DERRICK, Appellant
(204 S. E. (2d) 389)

*W. N. Moore, Jr.,* of Columbia, *for Appellant,*

*James C. Anders, Esq.,* of Columbia, *for Respondent,*

April 10, 1974.

LITTLEJOHN, Justice:

This action arises from a dispute over a recorded lease whereby the defendant-appellant, Roy W. Derrick, leased to the plaintiff-respondentt, Larrell H. Price, real property measuring 210 feet by 135 feet on Broad River Road in Richland County, South Carolina. A squabble over the use of a 16 foot strip on the edge of the property precipitated this law suit. That facet of the case has been settled, but the litigation continues. In his complaint the plaintiff-lessee contended that the defendant-lessor had continuously interfered with the use and enjoyment of the demised property, and prayed for a restraining order requiring the latter to cease and desist his activities. The defendant, by way of answer and counterclaim, alleged that the plaintiff had breached the terms and conditions of the lease and asked that the lease be declared null and void.

The matter was referred to the Master in Equity for Richland County, who recommended that the plaintiff's action for injunctive relief be dismissed and that the lease be declared null and void because of the plaintiff's residential use of the property. He further found that the plaintiff's use of the property for the seasonal sale of vegetables and fireworks was not a business purpose as contemplated by the parties when the lease was amended. The trial judge reversed the master, holding that the plaintiff's use of the property was within the use granted by the terms of the lease. He restrained the defendant from interfering with the plaintiff's enjoyment thereof.

"This being an equity case and the Master and Circuit Judge having disagreed and made contrary findings on the material issues in the case, this Court has jurisdiction to consider the evidence and make findings in accordance with our own view of the preponderance or greater weight of the evidence." *Talbot v. James*, 259 S. C. 73, 190 S. E. (2d) 759 (1972).

In arriving at the intention of the parties to a lease, the subject matter, surrounding circumstances, situation of the parties, and object in view and intended to be accomplished by the parties at the time are to be regarded. Cases collected, 13 South Carolina Digest Landlord and Tenant Key No. 37 (Cum. Supp. 1973).

The lease, which was for 10 years at a monthly rental of $35.00, was entered into by the parties on June 11, 1970. It stipulated that the lot was to be used for "open air market (curb market)." At the time of the lease, the plaintiff had already been living on the premises for several months in a mobile home on a month-to-month basis, at a monthly rental of $15.00. It is described by the plaintiff as "a place set up for mobile homes." The plaintiff contemplated opening an open-air curb market but could not afford to make necessary improvements on the land under a month-to-month arrangement. After the execution of the lease, the plaintiff conceived the idea that he would build a liquor store and operate it on the premises. The parties mutually agreed to amend the lease by striking out the words "open air market (curb market)" and insert in lieu thereof "for business purpose." The plaintiff was unable to procure a liquor license and is currently operating an open-air market, selling fruits, vegetables and fireworks on a seasonal basis. There are three trailers on the premises, one of which plaintiff occupies, one of which he uses for storage, and the third is occupied by his niece.

The sole issue submitted to this Court is: Did the lower court err in failing to hold that the plaintiff had breached the lease?

We are of the opinion that the lower court correctly decided this issue and that the exception to the lower court's ruling is without merit. The defendant's contention that the plaintiff has breached the terms and conditions of the lease is based in part upon the fact that the plaintiff has continued to live on the premises. The defendant's testimony, as well as that of the plaintiff, clearly shows that no termination of the plaintiff's residential status was intended or contemplated by the parties either when the lease was executed or when it was subsequently amended.

It was obviously the intent of the parties to broaden the plaintiff's permissive use of the property when the amendment was agreed to. All goats are animals, but not all animals are goats. By a like token, all curb markets are "business purposes," but not all business purposes are curb markets. The operation of a curb market is not inconsistent with the amendment. The whole of the testimony simply does not warrant the conclusion that the defendant is entitled to invalidate the lease for breach. Admittedly, if the plaintiff had been granted a liquor license, a more valuable building would likely have been constructed and same would have become the property of the defendant at the end of the lease, but failure to construct such a building does not warrant the relief the defendant seeks.

Affirmed.

MOSS, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.