0349

Nancy A. AYCOCK, Appellant, v. Charles B. AYCOCK, Respondent.
(324 S. E. (2d) 650)

Court of Appeals

James R. Thompson of *Saint-Amand, Thompson & Brown*, Gaffney, *for appellant.*

Michael R. Daniel of *Daniel, Winter & Clary*, Gaffney, *for respondent.*

Heard Oct. 15, 1984.

Decided Dec. 31, 1984.

GARDNER, Judge:

In this divorce action, the trial judge granted appellant Nancy A. Aycock (the wife) a divorce from Charles B. Aycock (the husband) for adultery and awarded unallocated alimony and support to the wife in the amount of $1,200 per month. We reverse and remand.

Section 20-3-150, South Carolina Code of Laws, 1976, as amended, provides:

In the event that the court shall award the custody of the children to the spouse receiving alimony, the court shall by its decree, unless good cause to the contrary be shown, allocate any award for permanent alimony and support between the supported spouse and the children. . . .

We hold the above statute requires that if an award of unallocated alimony and support payments is to be made, there must first be a finding of fact that there is good cause to make this award rather than allocated awards. This finding of fact must then be incorporated in the decree. This is required by Family Court Rule 27(C). *See Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (S. C. App. 1983). The appealed order gives no cause or reason for the award of unallocated alimony and support payments; this is reversible error and we so hold.

The record reveals that the husband, a college graduate, had at the time of the appealed order a gross yearly income of $51,200. The parties had been married for twenty years when the marriage was dissolved because of the adultery of the husband; three children had been born of this marriage; two of the children are still minors. Both alimony and child support are required in this case and we so hold; however, the appealed order failed to set forth the trial judge's findings of fact relating to child support and alimony as required by *Atkinson*. Although this court has authority in divorce cases to make its own findings of fact in accordance with its view of the preponderance of the evidence, we are ever mindful of the advantages enjoyed by the able and learned trial judges of our family courts. A rehearing is required.

For the reasons given, the judgment below is reversed and remanded for a trial *de novo* as to the award of alimony and the award of support payments required for the support of the two minor children. Upon remand the trial court is directed to comply with the requirements of *Atkinson, supra*.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.