0534

Romey HAMILTON, Lucille Shaw Stanley, Gracie Lee Shaw Myers, Mildred Shaw, George Adkins, Rosa Mae Gibbs, Gladys Shaw, a/k/a Vermelle Shaw, Annie Lee Shaw Mouzon, Mildred Shaw Moultrie, Clifford Shaw, Jr., and Freddie Shaw, Respondents, v. Edward SHAW and Herman Shaw, Appellants.

(334 S. E. (2d) 139)

Court of Appeals

*James Craven*, Charleston, *for appellants.*

*H. N. West*, of Moncks Corner, *for respondents.*

Heard June 20, 1985.

Decided Aug. 8, 1985.

CURETON, Judge:

This is an action in equity to impress a constructive trust upon real property. The respondents claim a right to a trust upon the property as heirs at law of Hepsie Shaw, deceased. The appellants, also heirs of Mrs. Shaw, claim sole title under a deed from the purchaser of the property at a tax sale. The dispositive issue is whether a fiduciary relationship exists between cotenants of real property so that title acquired by some but not all of the cotenants from a stranger who bought at a tax sale inures to the benefit of all cotenants.[1] The master-in-equity held that the appellants could acquire title free of the claims of the respondent tenants in common. We agree and reverse the judgment of the circuit court holding otherwise.

A month before Hepsie Shaw's death in May 1952, the sheriff sold the 45-acre tract in dispute to E. L. Edens at a tax sale. Prior to purchasing at the sale, Edens talked with the appellants, Hepsie Shaw's two surviving children, Edward and Herman Shaw. They indicated they weren't able to pay the taxes owed. Edens bid in the property for a nominal sum and subsequently received a tax deed at the expiration of the redemption period in 1953. The appellants, ostensibly in charge of the property on behalf of the respondents, never discussed redeeming the property with them during the redemption period.

Edens never went into physical possession of the property. Out of generosity to the appellants whom he had known all his life, he let them and several of the respondents continue to live on the property and cultivate it. From time to time the appellants did odd jobs for Edens. Edens, however, paid the taxes on the property.

Thirteen years after receiving the tax deed, Edens extended an opportunity to the elderly appellants to buy the property for a nominal amount because, according to appellant Herman Shaw, Edens stated he "wouldn't feel good to do you all boys like that [to keep the property]." The appellants pooled their meager resources and were able to purchase the property after Edens helped out by permitting them to cut and sell a small quantity of the timber on the

---

[1] Title was acquired after the right of redemption period had expired.

property. Edens conveyed the property to appellants Herman and Edward Shaw alone. Edens and Herman and Edward Shaw all testified that there was no pre-arranged agreement that Edens purchase at the tax sale for the purpose of later enhancing the appellants' title. The respondents presented no testimony to the contrary.

The master-in-equity found that the respondents had failed to present clear and unequivocal evidence of the existence of a trust and held that appellants were the owners of the property. The circuit court reversed, finding that the appellants violated a fiduciary duty to the respondents to protect and preserve the common property by redeeming it. It therefore held that equitable title to the property vested in the respondents and the appellants as tenants in common.

The appellants preserved six questions for appellate review. Most assign error to various findings of the circuit judge. Because review of one issue is dispositive of the case on appeal, we will review only that issue: Did the circuit court err in holding that a fiduciary relationship existed between the appellants and the respondents requiring the imposition of a constructive trust on the property for the respondents' benefit.

The respondents' position, adopted by the circuit court, is that the appellants were under an obligation to redeem the property or to inform the respondents of the tax sale on account of their cotenant fiduciary relationship with the respondents. As a result of the fiduciary relationship, the respondents argue that the appellants acquired the property as constructive trustees for the use and benefit of the respondents.

■ Respondents have failed to cite any authority for the proposition that cotenants owe an affirmative duty to each other to redeem the common property from a tax sale. Our own research indicates that there is no such duty in the absence of a contractual agreement to do so. *See* G. W. Thompson, *Thompson on Real Property* Section 1801 (1979).

■ Since the master and circuit court do not agree on the facts, we review them from the preponderance of the evidence standard. *Price v. Derrick,* 262 S. C. 341, 204 S. E. (2d) 389 (1974).

Our view of the evidence reveals that there was no agreement or undertaking by the appellants to redeem the prop-

erty from the tax sale. The cotenants inherited mere title defeasible on failure to redeem since the property was sold for taxes during the life of their intestate. *See Von Elbrecht v. Jacobs*, 332 S. E. (2d) 568 (Ct. App. 1985). None of them investigated the status of their title, took any interest in maintaining the property or delegated the responsibility to any other cotenant. The respondents all assume that the elderly appellants who were in possession of the property would take care of it. In the absence of evidence of an undertaking by the appellants to redeem the property, we hold that the court erred in finding that they had a duty to redeem.

The circuit court also inferred from the general rule that a cotenant's purchase of the common property at a tax sale inures to the benefit of all cotenants, the further finding that the appellants' purchase from the tax sale purchaser inured to the benefit of the respondents. This was error.

Once a cotenancy ceases to exist, a cotenant may buy the outstanding interest in the absence of fraud. *Turner v. Miller*, 276 So. (2d) 690 (Miss. 1973). Further

A tenant in common may acquire a title to the common property under a tax sale, when he acquires such title from a third person who is not acting in collusion with him, after the period of redemption has expired.

4 G. W. Thompson, *Thompson on Real Property* Section 1803 (1979).

In this case, the contenancy dissolved upon delivery of the tax deed to Edens who, from that point, owned the entire tract of land. The evidence fails to establish fraud on the part of the appellants and Edens. Therefore, the conveyance from Edens to the appellants transferred sole title to them free of all equitable claims of the respondents.

For these reasons, the judgment of the circuit court is

Reversed.

SHAW and BELL, JJ., concur.