2073

Clarence DEAN and Dyann D. Collins, Appellants v.
Macie KILGORE, Respondent.

(437 S.E. (2d) 154)

Court of Appeals

*Richard E. Thompson, Jr.,* of *Lowery, Thompson and King,* Anderson, *for appellant.*

*James S. Belk,* Anderson, *for respondent.*

Heard June 14, 1993.

Decided Sept. 20, 1993.

HOWELL, Chief Judge:

This is an action to remove a personal representative appointed pursuant to the terms of a will. Appellants Clarence Dean and Dyann Collins are son and daughter of the deceased, Sam Dean. They sought the removal of respondent, Macie Kilgore, as personal representative of their father's estate. The probate court denied the petition to remove Kilgore and

Judge Drew, sitting as a Special Circuit Judge for Anderson County, affirmed the decision of the probate court. Appellants now appeal to this court. We affirm.

This court and the Supreme Court, in a line of recent cases, have clearly addressed the important rules concerning the standard of review of cases appealed from the probate court. *Howard v. Mutz*, 434 S.E. (2d) 254 (S.C. Sup. Ct. 1993) (Davis Adv. Sh. No. 19); *Eagles v. South Carolina Nat'l Bank*, 301 S.C. 402, 392 S.E. (2d) 187 (Ct. App. 1990). These cases hold that the determination of the standard of review by an appellate court of matters originating in the probate court is controlled by whether the cause of action is at law or in equity. *Id.* To make this determination, the appellate court must look to the essential character of the cause of action alleged by the petitioners in the court below. If the essential character of the petitioner's cause of action is grounded on equitable rights and equitable relief is sought, the case is regarded as equitable and the appellate court has jurisdiction to make findings in accordance with its own view of the preponderance of the evidence. *Eagles*, 301 S.C. at 408, 392 S.E. (2d) at 191. On the other hand, if the essential nature of the cause of action is legal, the action to be taken by the circuit court is controlled by its determination of whether or not there is any evidence to support the factual findings of the court below. The appellants in this case have sought to remove the personal representative of their father's estate. This affirmative relief sought clearly lies in equity. The circuit court sitting as an appellate court affirmed the findings of the probate court. *See* S.C. Code Ann. § 62-1-308 (1987 & Supp. 1992).

This raises the question of whether or not this court should apply the two-judge rule. *See Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 221, S.E. (2d) 773 (1976) (an action at equity first tried by master or special referee subsequently affirmed or concurred in by circuit court will not be disturbed on appeal unless found to be without evidentiary support).

Although *Townes* sets forth the two-judge rule for equity cases first tried by a master or special referee and subsequently affirmed or concurred in by the circuit court, we see

no reason not to apply the same rule to an affirmance or concurrence of the circuit court with the probate court. *See Eagles,* 301 S.C. at 408, 392 S.E. (2d) at 191 (*in an appeal from the circuit court of an equity case originating in the probate court,* we make findings in accordance with our own view of the preponderance or greater weight of the evidence where the probate court and the circuit court . . . have *disagreed* on the material issue in the case) (emphasis added). The court in *Eagles* adopted the conclusions of *Price v. Derrick* and *Talbot v. James* that when a Master and Circuit Judge disagree in an equity case regarding material issues in the case, the Supreme Court may make findings in accordance with its own view of the preponderance or greater weight of the evidence. *Price,* 262 S.C. 341, 204 S.E. (2d) 389 (1974); *Talbot,* 259 S.C. 73, 190 S.E. (2d) 759 (1972). Thus, the Court in *Eagles* impliedly held the same standard of review applied where the action originated in probate court and was appealed to circuit court as where the action was initially before a master and was appealed to the circuit court. *See Eagles,* 301 S.C. at 408, 392 S.E. (2d) at 191.

Moreover, the court in *Eagles* inferentially held that in an appeal from the circuit court of an equity case originating in probate court where both courts *agreed* on the material issues in the case, we would no make findings in accordance with our own view of the preponderance or greater weight of the evidence. We would instead, as we hold in the present case, apply the two-judge rule. In summary, our standard of review in the present case is whether there is any evidence which reasonably supports the circuit court's findings.

After carefully reading the record in this case, considering the briefs of the parties, and listening to the oral arguments, we are satisfied that there is ample evidence to support the circuit court's findings.

Accordingly, the judgment below is

Affirmed.

BELL, J., and LITTLEJOHN, Acting J., concur.