THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Laura T. Tyler,       
Appellant,
 
 
 

v.

 
 
 
Mary Gail T. Salley, Personal Representative of the Estate of Hal Barr 
 Tyler,        Respondent.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-189
Submitted March 9, 2004  Filed March 
 22, 2004

 
AFFIRMED

 
 
 
Jan L. Warner, of Columbia; for Appellant
Elizabeth Van Doren Gray and Laura W. Robinson, both of Columbia; for Respondent.
 
 
 

PER CURIAM:  Appellant Laura T. Tyler commenced 
 this action by filing a Summons and Petition seeking, among other things, to 
 have Respondent Mary Gail T. Salley removed as the personal representative for 
 the estate of Hal Barr Tyler and to have a substitute personal representative 
 appointed.  The trial court denied all requested relief. [1] 
FACTS
On December 10, 1997, Hal Barr Tyler died 
 of cancer.  Unable to locate her husbands will, Laura Tyler hired an attorney 
 and filed an intestate estate with the Probate Court for Richland County.  Hals 
 will was eventually recovered, and in accordance with its terms, Hals sister 
 Mary Gail T. Salley was appointed personal representative of the estate on January 
 26, 1998.
When Salley learned that she was the named 
 personal representative, she hired Elaine H. Fowler, an attorney who practices 
 in the area of probate administration, to represent and advise her in connection 
 with the performance of her duties and responsibilities as personal representative.  
 According to the testimony offered at trial, Salley did not take any action 
 as personal representative without express guidance and direction from Fowler.
Under the will, Salley was to receive 
 a one-half interest in farmland located in Orangeburg, South Carolina; Hals 
 inherited interest in certain personal property; the proceeds from a $51,000 
 life insurance policy; and a $50,000 specific bequest.  The residuary was left 
 to Tyler and included SCANA stock, a duplex on Brennen Road, and other personal 
 property.  
During his lifetime, Hal took out a loan 
 against the proceeds of a $10,000.00 life insurance policy of which Salley was 
 the beneficiary.  After receiving the remaining proceeds of the policy after 
 Hals death, upon the advice of Fowler, Salley took out $4,214 from the estate.  
 This represented the difference between the initial policy amount and the reduced 
 value of the policy.  When Fowler realized her advice was mistaken, she instructed 
 Salley to reimburse the estate.  Salley then repaid the estate with interest.
On July 1, 1999, Tyler filed a Summons 
 and Petition in the Probate Court, seeking to have Salley removed as personal 
 representative and to have a substitute personal representative appointed.  
 She sought to disgorge all attorneys fees paid to Fowler and all commissions 
 paid to Salley.  The trial court denied Tylers requested relief.  This appeal 
 follows.
STANDARD OF REVIEW
A request to remove a personal representative seeks 
 affirmative relief that lies in equity.  Dean v. Kilgore, 313 S.C. 257, 
 437 S.E.2d 154 (Ct. App. 1993).  As such, we may make findings according to 
 our own view of the preponderance of the evidence, though we need not disregard 
 the findings of the trial judge who saw and heard the witnesses and was in a 
 better position to judge their credibility.  In re Thames, 344 S.C. 564, 
 571, 544 S.E.2d 856, 857 (Ct. App. 2001).
LAW/ANALYSIS
Removal
Tyler contends that the trial court erred 
 in not removing Salley as personal representative.  We disagree.
Although the appointment of a personal representative 
 is not lightly to be set aside, the Probate Code provides that anyone interested 
 in the estate may petition for removal of a personal representative for cause 
 at any time.  See Witherspoon v. Watts, 18 S.C. 396, 422 (1883); 
 S.C. Code Ann. § 62-3-611(a) (Supp. 2003).  

Cause for removal exists when removal would be in the best 
 interests of the estate, or if it is shown that a personal representative or 
 the person seeking his appointment intentionally misrepresented material facts 
 in the proceedings leading to his appointment, or that the personal representative 
 has disregarded an order of the court, has become incapable of discharging the 
 duties of his office, or has mismanaged the estate or failed to perform any 
 duty pertaining to the office.

S.C. Code Ann. § 62-3-611(b) (Supp. 2003).  
Tylers numerous complaints can be summarized into 
 two general categorical allegations:  (1) Salley was late in performing her 
 obligations; and (2) she engaged in self-dealing.  
In support of her contention that Salley 
 was excessively dilatory in administering the estate, Tyler notes that Salley 
 did not file the estates inventory until more than a year after it was initially 
 due and did not file the Form 706 estate tax return until almost a year after 
 the initial due date.  In both cases, however, Salley received deadline extensions 
 from the relevant authority.  Moreover, evidence presented at trial indicates 
 that Tyler at least shared the blame with Salley for any unnecessary delays.  
 Tyler and her counsel engaged Salley and Fowler in lengthy discussions concerning 
 what property was to be included in the estate and how much it was worth, and 
 Tylers indecisiveness on the elective share issue only acted to forestall finality.  
 In any event, the rather modest delays in this case have not so jeopardized 
 the best interest of the estate as to warrant removing the personal representative.
We find Tylers allegations of self-dealing to 
 be unfounded.  Although Salley did improperly remove $4,214 from the estate 
 to repay a loan Hal had taken against a life insurance policy, she did so at 
 the advice of the estates attorney.  When Salley realized there had been a 
 mistake about the propriety of the transaction, she reimbursed the estate with 
 interest.  Nonetheless, Tyler asserts that the absence of the funds from the 
 estate caused a cash shortfall, precluding Salley from making necessary repairs 
 to the duplex on Brennen Road and forcing her to sell the SCANA stocks for too 
 low of a price.  
Contrary to Tylers contention, Salley did not 
 fail to make necessary repairs to the Brennen Road duplex for want of estate 
 funds.  Quite the opposite, at a cost of $3,500, [2] Salley arranged to have the roof of the duplex 
 repaired to prevent damage from leakage.  The only repairs she forwent were 
 those she deemed to be cosmetic in nature.  Indeed, even without the cosmetic 
 repairs, tenants regularly occupied the duplex during the estates administration, 
 thereby generating rental income for the estate. 
We find most remarkable Tylers contention that 
 Salley wasted estate assets by selling the SCANA stocks too early:  

Mrs. Salley also admitted that, because the estate needed 
 money to pay its lawyers, she sold SCANA stock at $27.00 per share when, if 
 she had made one phone call or kept up with this investment in the newspaper, 
 she would have learned that had she waited six weeks, the stock could have been 
 sold for $30.00 per share.

Though the role of personal representative comes 
 with many responsibilities, stock market clairvoyance is certainly not one of 
 them.  A personal representative does not waste estate assets when she fails 
 to anticipate fluctuation in the value of securities.
We see no error committed by the trial 
 judge, who after considering the testimony of Salley, Tyler, and the estate 
 attorney, determined that Salley had not failed to perform any duty as personal 
 representative, engaged in willful misconduct, or improperly disposed of estate 
 assets.  Accordingly, we conclude the trial court did not err in refusing to 
 remove Salley as personal representative.
Disgorgement
Tyler contends that the trial court erred 
 in refusing to disgorge attorneys fees paid to the attorney hired by Salley 
 to assist her in her role as personal representative.  We disagree.
South Carolina law specifically authorizes and 
 empowers personal representatives to hire attorneys, accountants, and advisors 
 to perform or assist in the performance of the personal representatives duties.  
 S.C. Code Ann. § 62-3-715(19) (1987).  The personal representative is likewise 
 authorized to hire counsel when an estate brings or defends a lawsuit.  S.C. 
 Code Ann. § 62-3-715(20) (1987).  Section 62-3-720 specifically makes the estate 
 responsible for the resulting attorneys fees:

If any personal representative or person nominated as personal 
 representative defends or prosecutes any proceeding in good faith, whether successful 
 or not, he is entitled to receive from the estate his necessary expenses and 
 disbursements including reasonable attorneys fees incurred.

The attorney hired by Salley charged $150.00 
 per hour, and prior to the litigation commenced by Tyler, Salley had spent only 
 $8,342.05 in attorneys fees on a $200,000.00 estate.  We agree with the trial 
 courts determination that the fees paid by Salley were not excessive and find 
 ample evidence in the record to support that finding. 
 [3] 
AFFIRMED.
 HEARN, C.J., ANDERSON and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] The Record on Appeal erroneously refers to $35,000.

 
 
 [3]   We likewise dismiss Tylers claim that the trial court should have 
 allowed her to recover fees paid to Salley as personal representative or against 
 Salleys beneficial interest.