THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Estate
 of: Margaret S. Connor, 
 Leroy W. Connor
 and Yvonne C. Austin, Appellants,
 v.
 Stephen M.
 Slotchiver, as Special Administrator of the Estate of Margaret S. Connor, Respondent.
 
 
 

Appeal From Charleston County
  R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2009-UP-502
 Heard September 2, 2009  Filed October
29, 2009

REVERSED AND REMANDED

 
 
 
 Bernard Fielding, of Charleston, for Appellants.
 John Massalon, of Charleston, for Respondent.
 
 
 

PER CURIAM: Leroy Connor and Yvonne Austin
 (collectively Appellants) appeal the circuit court's order affirming the
 probate court's authorization of the sale of certain real properties from the
 estate of their mother, Margaret S. Connor (Margaret), and directing payment
 from estate assets of fees earned by the special administrator and his
 counsel.  Appellants argue the circuit court erred in applying the standard of
 review, authorizing the sale of certain estate assets, denying Appellants'
 claims relating to due process and breach of fiduciary duty, and discerning
 which issues were stayed by Appellants' prior appeal.  We reverse and remand.
FACTS
Appellants' mother, Margaret, died August 4, 2004.  Shortly after
 her death, the probate court, on its own motion, appointed Stephen Slotchiver
 as special administrator of her estate.  In January 2006, Slotchiver filed a
 proposal for distribution of Margaret's estate.  Appellants filed a number of
 exceptions that were heard by the probate court in October 2006.  Appellants also
 challenged Slotchiver's petition for payment of fees to the special
 administrator and his counsel; the probate court heard these matters in March
 2007.  Subsequently, the probate court issued two orders dismissing the
 exceptions.  Appellants appealed both orders to the circuit court, which
 affirmed in September 2007, and then appealed to this court.  
During the pendency of the appeal from the circuit court's
 September 2007 orders, Slotchiver petitioned the probate court for
 authorization to sell some of the estate's real property to pay creditors. 
 Appellants responded by filing an answer and a motion to dismiss the petition. 
 About the same time, Slotchiver's counsel petitioned for payment of attorney's
 fees.  The probate court denied the motion to dismiss and approved both
 Slotchiver's petition to sell property and his counsel's petitions for payment
 of attorney's fees.  Appellants appealed to the circuit court.  After hearing
 arguments on April 17, 2008, the circuit court affirmed.  This appeal followed
 and was heard contemporaneously with the appeal from the circuit court's
 September 2007 orders.
STANDARD OF REVIEW
Appeals from the probate court are governed by the provisions of
 the Probate Code.  Matter of Howard, 315 S.C. 356, 360, 434 S.E.2d 254,
 256 (1993).  The Probate Code provides that a final order or decree of the
 probate court may be appealed to the circuit court.  S.C. Code Ann. § 62‑1‑308
 (2009).  Generally, an appeal from an order of the circuit court is to the
 court of appeals.  S.C. Code Ann. § 14-8-200 (Supp. 2008).  
An issue regarding statutory interpretation is a question of law.  Univ. of S. Cal. v. Moran, 365 S.C. 270, 274-75, 617 S.E.2d 135,
 137 (Ct. App. 2005).  If the proceeding in the probate court is in the
 nature of an action at law, neither the circuit court nor the appellate court
 may "disturb the probate court's findings of fact unless a review of the
 record discloses there is no evidence to support them."  Neely v.
 Thomasson, 365 S.C. 345, 349-50, 618 S.E.2d 884, 886 (2005).  Likewise, in an equitable matter decided
 by the probate court and affirmed by the circuit court, the
 "two-judge" rule requires an appellate court to uphold the decision
 of the circuit court if any evidence supports it.  Dean v. Kilgore, 313
 S.C. 257, 259-260, 437 S.E.2d 154, 155 (Ct. App. 1993).  
LAW/ANALYSIS
Appellants assert the circuit court erred in failing to find
 Slotchiver was precluded from bringing additional actions in the probate court
 while the validity of his appointment was on appeal.  We agree.  
Service of a notice of appeal deprives the trial court of
 jurisdiction over the matters appealed:  

 Upon the service of the notice of appeal, the appellate court
 shall have exclusive jurisdiction over the appeal; the lower court or administrative
 tribunal shall have jurisdiction to entertain petitions for writs of
 supersedeas as provided by Rule 241.  Nothing in these Rules shall prohibit the
 lower court, commission or tribunal from proceeding with matters not affected
 by the appeal.

Rule 205, SCACR.  

 As a general rule, the service of a notice of appeal in a civil
 matter acts to automatically stay matters decided in the order, judgment,
 decree or decision on appeal, and to automatically stay the relief ordered in
 the appealed order, judgment, or decree or decision.  This automatic stay
 continues in effect for the duration of the appeal unless lifted by order of
 the lower court, the administrative tribunal, appellate court, or judge or
 justice of the appellate court.  The lower court or administrative tribunal
 retains jurisdiction over matters not affected by the appeal including the
 authority to enforce any matters not stayed by the appeal.

Rule 241(a),
 SCACR.  "After service of notice of appeal, any party may move [the lower
 court, administrative tribunal, appellate court, or judge or justice of the
 appellate court] for an order lifting the automatic stay."  Rule
 241(c)(1).  The supersedeas or lifting of the automatic stay, as well as any
 other affirmative relief granted, may be conditioned on such terms as the
 tribunal, court, judge, or justice entering the order deems appropriate.  Rule
 241(c)(3).  
We reverse the circuit court's refusal to dismiss Slotchiver's
 petition to sell real estate as a matter stayed by appeal under Rules 205 and
 241.  The circuit court found the validity of Slotchiver's appointment was an
 issue already on appeal, yet went on to find Slotchiver's petition to sell
 estate assets was unaffected by the appeal.  We find Slotchiver's authority to
 pursue a petition to sell estate assets derived from and depended entirely upon
 his position as special administrator of Margaret's estate.  Because the
 legitimacy of Slotchiver's appointment as special administrator was an issue on
 appeal, Rule 241 imposed an automatic stay on his administration of the
 estate.  Thus, the automatic stay prohibited him from performing additional
 administrative duties during the pendency of the appeal.  
In so ruling, we are mindful that suspending the sole
 administrator's authority to manage an estate may grind the gears of the
 probate process to a halt and could expose the estate to liability for unpaid
 accounts, for example, property taxes, that become due during the period of
 suspension.  While the suspension may preserve estate assets, it does not
 further the Probate Code's purpose of "promot[ing] a speedy and efficient
 system for liquidating the estate of the decedent and making distribution to
 his successors."  S.C. Code Ann. § 62-1-102(b)(3) (2009).  However, an
 automatic stay under Rules 205 and 241 is not unassailable:  a party to the
 action need only petition either the trial court or the appellate court for an
 order lifting the stay.  See Rule 241.  In this matter, Slotchiver could
 have petitioned for a writ of supersedeas under Rule 241.  The record does not
 reflect he did so.  Because Slotchiver's authority to administer the estate was
 automatically stayed under Rule 241 but he failed to seek an order lifting the
 stay, he lacked authority to submit petitions for court action on behalf of the
 estate.  Therefore, the probate court erred in considering the petition to sell
 real estate, and the circuit court erred in affirming the probate court's
 decision.  
Because reversal as to this issue is dispositive of the case, we
 decline to address Appellants' remaining issues.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a
 prior issue is dispositive of the appeal).
CONCLUSION
We conclude the appeal of the validity of the special
 administrator's appointment imposed an automatic stay upon his administration
 of Margaret's estate.  Because the special administrator did not obtain a court
 order lifting the automatic stay, it was still in effect when he petitioned to
 sell estate assets.  Accordingly, we reverse the circuit court's decision
 approving the sale of estate assets and remand this case for further
 proceedings.  We do not reach Appellants' remaining issues.  
REVERSED AND REMANDED.
KONDUROS and LOCKEMY, JJ., and CURETON, A.J., concur.