THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 In the Estate
 of:  Margaret S. Connor,
 Leroy W. Connor
 and Yvonne C. Austin, Appellants,
 v.
 Stephen M.
 Slotchiver, as Special Administrator of the Estate of Margaret S. Connor, Respondent.
 
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No.  2009-UP-501
 Heard September 2, 2009  Filed October
29, 2009

AFFIRMED

 
 
 
 Bernard Fielding, of Charleston, for Appellants.
 John Massalon, of Charleston, for Respondent.
 
 
 

PER
 CURIAM: Leroy
 Connor and Yvonne Austin (collectively Appellants) appeal the circuit court's
 order affirming the probate court's disposition of the estate of their mother,
 Margaret S. Connor (Margaret).  They argue the circuit court erred in affirming
 the sale of Margaret's interest in a funeral home business and property, in
 awarding attorney's fees, in refusing to allow Appellants' collateral attack,
 and in failing to recognize Appellants' priority of appointment as Margaret's
 conservators and as personal representatives of her estate.  We affirm.  
FACTS
Appellants' mother,
 Margaret, experienced a decline in her mental faculties beginning in the late
 1990s and was adjudged incapacitated in 2003.  The probate court appointed
 Family Services, Inc. (FSI) as her conservator and Leroy Connor as her
 guardian.  In 2004, after Connor transferred some of Margaret's real property
 and money to himself in violation of a court order, the probate court held him
 in contempt and removed him as guardian.  In July 2004, FSI petitioned the
 probate court to sell Margaret's interest in the funeral home business and the
 property on which it operated (the Radcliffe property) to Bryan McNeal, who
 already owned a portion of the business, to generate money to pay for
 Margaret's care.[1] 
 The probate court granted the petition subject to the properties' being
 appraised to establish their values.  FSI entered into sales contracts with
 McNeal and hired appraisers to value the funeral home business and the
 Radcliffe property.  
On
 August 4, 2004, Margaret died.  On August 24, 2004, the probate court, on its
 own motion, appointed attorney Stephen Slotchiver as special administrator of
 Margaret's estate.  The
 probate court noted that it had previously found neither Connor nor Austin was
 capable of serving as either guardian or conservator and concluded a special
 administrator was necessary to protect the estate.  The following month, the
 probate court approved FSI's final accounting and discharged FSI as
 conservator.  
On December 20, 2004, the probate court directed Slotchiver to
 conclude the sale of Margaret's interests in the funeral home business and the
 Radcliffe property and to notify Appellants directly of his appointment as
 special administrator of their mother's estate.  According to Slotchiver, he
 did so and closed both sales by the end of the month.  On January 19, 2005,
 Slotchiver provided copies of the closing documents to Brian Phelan, one of the
 attorneys who purported to represent the Appellants.  
In January 2006, Slotchiver filed with the probate court a
 supplemental inventory and appraisement, a proposal for distribution of estate
 assets, and a final accounting.  Through their new counsel, attorney Bernard
 Fielding, Appellants objected to this filing, requested Slotchiver's removal, and
 demanded a hearing.  In March 2006, Appellants petitioned the probate court to
 appoint a family friend and Connor's employer, St. Julian S. Matthews, personal
 representative of the estate.  In a conference call that included Appellants,
 Slotchiver sought and received the probate court's permission to hire counsel.  
The probate court heard arguments in October 2006 and ruled on
 January 30, 2007.  In declining to remove Slotchiver and appoint Matthews in
 his place, the probate court found removal was not in the best interest of the
 estate.  The probate court found its prior orders holding Connor in contempt
 for the misuse of estate property, appointing Slotchiver as special
 administrator, and approving the sale of Margaret's interest in the funeral
 home business and the Radcliffe property were all final orders.  Furthermore,
 it found Appellants received written notice of the appointment order by
 September 2004 and of the order of sale on December 20, 2004.  According to the
 probate court, the evidence clearly indicated that by January 19, 2005,
 Appellants had actual knowledge of all decisions of which they complained, but they
 neither objected nor appealed timely.  Consequently, the probate court found it
 lacked subject matter jurisdiction to consider the merits of Appellants'
 arguments and overruled all of Appellants' objections as time-barred.[2]  
Along with the final estate documents, in January 2006 Slotchiver
 submitted a petition for payment of his fees as special administrator and of
 his attorney's fees.  Appellants again objected.  On June 6, 2007, the probate
 court overruled Appellants' objections and ordered payment of Slotchiver's and
 his attorney's fees from estate assets.  
Appellants appealed both the January 2007 and June 2007 orders to
 the circuit court, which affirmed.  This appeal followed.  
STANDARD OF REVIEW
Appeals from the probate court are governed by the provisions of
 the Probate Code.  Matter of Howard, 315 S.C. 356, 360, 434 S.E.2d 254,
 256 (1993).  The Probate Code provides that a final order or decree of the
 probate court may be appealed to the circuit court.  S.C. Code Ann. § 62‑1‑308
 (2009).  Generally, appeal from an order of the circuit court is to the court
 of appeals.  S.C. Code Ann. § 14-8-200 (Supp. 2008).  
An issue regarding statutory interpretation is a question of law.  Univ. of S. Cal. v. Moran, 365 S.C. 270, 274-75, 617 S.E.2d 135,
 137 (Ct. App. 2005).  If the proceeding in the probate court is in the
 nature of an action at law, neither the circuit court nor the appellate court
 may "disturb the probate court's findings of fact unless a review of the
 record discloses there is no evidence to support them."  Neely v.
 Thomasson, 365 S.C. 345, 349-50, 618 S.E.2d 884, 886 (2005).  Likewise, in an equitable matter decided by the
 probate court and affirmed by the circuit court, the "two-judge" rule
 requires an appellate court to uphold the decision of the circuit court if any
 evidence supports it.  Dean
 v. Kilgore, 313 S.C. 257,
 259-260, 437 S.E.2d 154, 155 (Ct. App. 1993).  Nevertheless, the question of subject
 matter jurisdiction may be raised for the first time on appeal, even by the
 court on its own motion.  Ness v.
 Eckerd Corp., 350 S.C. 399, 402, 566 S.E.2d 193, 195 (Ct. App. 2002).  Moreover, although a judgment entered by a court without
 subject matter jurisdiction is void, the improper exercise of jurisdiction,
 while decidedly wrong, results in a judgment that is merely voidable and
 must be challenged through direct appeal.  S.C.
 Dep't of Motor Vehicles v. Holtzclaw, 382 S.C. 344, 351, 675 S.E.2d 756, 759
 (Ct. App. 2009).
LAW/ANALYSIS
I. Subject Matter Jurisdiction
 of Probate and Circuit Courts
Appellants first appear to argue that because the
 probate court did not comply with the provisions of the Probate Code regarding
 the sale of a decedent's real property in aid of assets, it did not have subject
 matter jurisdiction to order a sale of Margaret's interest in the funeral home.[3]  Here, during Margaret's life, the probate court appointed a conservator who
 entered into a contract with McNeal, a co-owner of the funeral home, to sell
 Margaret's interest to him.  The special administrator, the subject of this
 appeal, completed the sale after Margaret's death in accordance with the
 contract that had been approved by the court.  
The authority of
 the probate court to appoint conservators is found in Part 4 of the Probate
 Code, entitled "Protection of Property of Persons Under Disability and
 Minors."  S.C. Code Ann. §§ 62-5-401 to -435 (2009).  Section 62-5-408
 provides that, after proper hearing to determine the necessity for the appointment,
 the probate court may appoint a conservator who has all the powers over the
 incompetent's estate, which the incompetent would have if not under disability,
 to include the authority to enter into contracts.  The contract between the
 conservator and McNeal was approved by the probate court in July 2004.  
Margaret died on
 August 4, 2004, and Slotchiver was appointed special administrator on August
 24, 2004.  Thereafter, on December 20, 2004, the probate court authorized the
 special administrator to complete the sale of the funeral home properties to
 McNeal.  The probate court found in its January 30, 2007, order "[t]hat
 written notice of the Probate Court's Order of August 24, 2004 . . . was
 provided to Mr. Connor and Ms. Austin when Mr. Slotchiver served formal notice
 of his appointment on both Mr. Connor and Ms. Austin on December 20,
 2004."  The circuit court concurred in this finding of fact.  We are thus
 bound by their factual findings.  See Dean v. Kilgore, 313 S.C. at
 259-260, 437 S.E.2d at 155.  We therefore conclude the probate court had
 subject matter jurisdiction to decide these issues.  
II.Sale of Funeral
 Home Properties; Special Administrator
Appellants
 additionally argue the circuit court erred in failing to find (1) title to the
 funeral home properties passed to Margaret's heirs upon her death; (2) the sale
 of the funeral home properties denied Appellants their constitutional rights to
 due process; (3) a special administrator is equivalent to a personal
 representative; and (4) Appellants enjoyed priority of appointment in
 Margaret's conservatorship and estate.  We disagree.  
An
 unchallenged ruling, "right or wrong, is the law of [the] case and
 requires affirmance."  Buckner v. Preferred Mut. Ins. Co., 255 S.C.
 159, 161, 177 S.E.2d 544, 544 (1970).  Moreover, a party's failure to appeal
 within the time specified by statute deprives the appellate court of
 jurisdiction over the appeal.  Gallagher v. Evert, 353 S.C. 59, 68, 577
 S.E.2d 217, 221 (Ct. App. 2002).  
Both
 the probate court and the circuit court found the probate court's initial
 orders adjudicating the issues listed above were final and appealable. 
 Additionally, both the probate and circuit courts found Appellants' challenges
 to those orders were procedurally barred due to Appellants' failure to appeal
 within the time allotted by statute.  Those rulings are the law of the case.  See
 Buckner, 255 S.C. at 161, 177 S.E.2d at 544.  We affirm the circuit court's
 conclusion that appeal of these rulings is untimely and therefore procedurally
 barred.  Because these issues are not properly before this court, we decline to
 address the arguments on the merits.  
III. Special
 Administrator's Attorney's Fees
Appellants
 next argue the circuit court erred in affirming the award of attorney's fees to
 Slotchiver's counsel.  We disagree.  
Attorney's
 fees incurred by the personal representative in the defense or prosecution of
 estate litigation are reimbursable from estate assets.  S.C. Code Ann. §
 62-3-720 (2009).  When an estate's assets are insufficient to pay all claims in
 full, the Probate Code establishes the order in which the claims must be paid. 
 S.C. Code Ann. § 62-3-805 (2009).  "[C]osts and expenses of administration,
 including attorney's fees, and reasonable funeral expenses" must be paid
 before any other claims.  Id.  However, upon petition by an interested
 person, the probate court may review the reasonableness of compensation of
 persons employed by the estate, including attorneys.  S.C. Code Ann. §
 62-3-721(a) (2009).  

 In
 determining the reasonable time expended and a reasonable hourly rate for
 purposes of calculating attorneys' fees, South Carolina courts have
 historically relied on six common law factors of reasonableness:  (1) the
 nature, extent, and difficulty of the case; (2) the time necessarily devoted to
 the case; (3) the professional standing of counsel; (4) the contingency of
 compensation; (5) the beneficial results obtained; and (6) the customary legal
 fees for similar services. 

Layman v. State, 376 S.C. 434, 458, 658 S.E.2d 320, 333 (2008).
We
 affirm the circuit court's order approving the special administrator's attorney's
 fees.  Although neither the probate court nor the circuit court had discretion
 under section 62-3-805 to order that expenses of estate administration be paid
 after other expenses, as Appellants suggest, the probate court had authority to
 review the reasonableness of the fees charged.  Upon Appellants' petition for
 review, both the probate and circuit courts analyzed the fees and found them proper
 under South Carolina law.  Both courts found this case presented "novel
 and complex legal issues," required extensive discovery, and involved a
 three-day trial.  See id.  Furthermore, the courts found the
 hourly rates and expenses were reasonable and customary, and the work performed
 on the special administrator's behalf benefited the estate.  See id. 
 Accordingly, the circuit court did not err in affirming the probate court's approval
 of attorney's fees.  
IV.Collateral Attack
Finally,
 Appellants argue the circuit court erred in failing to find a collateral attack
 is permissible when the court exceeds its statutory authority.  We decline to
 address this issue as it was waived on appeal because Appellants cited to
 authority but made no argument by which this court could discern how they
 believe the circuit court erred.  An appellant's brief "shall be divided
 into as many parts as there are issues to be argued.  At the head of each part,
 the particular issue to be addressed shall be set forth in distinctive type,
 followed by discussion and citations of authority."  Rule 208(b)(1)(D),
 SCACR.  An issue is deemed waived on appeal if it is not argued in the
 appellant's brief.  Guinan v. Tenet Healthsystems of Hilton Head, Inc.,
 383 S.C. 48, 54 n.4, 677 S.E.2d 32, 36 n.4 (Ct. App. 2009).  Appellants do not
 argue this issue in their brief.  Rather, they quote from American
 Jurisprudence, asserting collateral attack is permissible when the court
 has exceeded its authority, without arguing how this premise pertains to their
 case.  Appellants do not indicate which lower court allegedly exceeded its
 authority or in what manner it did so. Thus, we find this issue is waived on
 appeal, and we decline to address it.
CONCLUSION
We
 hold the probate court had subject matter jurisdiction to order a sale of
 Margaret's interest in the funeral home pursuant to the contract entered by
 Margaret's conservator.  With regard to the issue of the special
 administrator's attorney's fees, we find Appellants asserted their statutory
 right to judicial review to determine whether the fees billed by the special
 administrator's attorney were reasonable.  Accordingly, we affirm the circuit
 court's decision on this issue.
Because
 the appeal of the issues relating to the sale of the funeral home properties
 and to the appointment of the special administrator was untimely, these issues
 are not properly before this court.  Therefore, we affirm the circuit court's
 conclusion on this issue and decline to address the merits of Appellants'
 arguments.  In addition, we decline to address the issue of collateral attack as
 waived on appeal.  Consequently, the order of the circuit court is
AFFIRMED.
KONDUROS
 and LOCKEMY, JJ., and CURETON, A.J., concur. 

[1] By May 2004, Margaret had been diagnosed with stomach
 cancer and required round-the-clock care.  
[2] Nevertheless, the probate court's order addressed the
 merits and ruled against Appellants on each issue. 
[3] Subject matter jurisdiction is defined as a "court's
 power to hear and determine a particular class of cases."  Whaley v.
 CSX Transp., Inc., 362 S.C. 456, 474, 609 S.E.2d 286, 295 (2005).  Appellants
 base their argument upon Part 13 of the Probate Code, which is entitled,
 "Sale of Real Estate by Probate Court to Pay Debts."  The pertinent
 section states:  "The provisions of this Part are hereby declared to be
 the only procedure for the sale of lands by the court, except where the will of
 the decedent authorizes to the contrary."  S.C. Code Ann. § 62-3-1301
 (2009).  Because the probate court is a statutory court and only has such
 jurisdiction as the Legislature affords it, the section at first blush appears
 to confer subject matter jurisdiction to the probate court to sell real estate
 only in the manner prescribed by that section.